No. 87-410

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

WILLIAM G. MYERS, JR.,

        Plaintiff and Appellant,

   -vs-

DEPARTMENT OF AGRICULTURE,
STATE OF MONTANA,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hash, O'Brien & Bartlett; James C Bartlett, Kalispell,
        Montana

    For Respondent:

        Norman C. Peterson, Agency Legal Services Bureau,
        Helena, Montana

---

           Submitted on Briefs:  April 28, 1988

                 Decided:  June 13, 1988

Filed: JUN 13 1988

*Ethel M. Harrison*
_____
               Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Myers filed suit against the defendant in the Eleventh Judicial District, Flathead County, alleging wrongful termination of employment and seeking unpaid wages. Prior to trial the court granted summary judgment for the defendant on the issue of unpaid wages. The jury returned a verdict for Mr. Myers and awarded him $850.00. The District Court entered judgment for Mr. Myers but offset the award by deducting $671.05 awarded earlier by a grievance panel and $178.95 for unemployment benefits paid to Mr. Myers for the period following his termination. The court refused to award attorney fees or costs to Mr. Myers. Mr. Myers appeals the decision to offset the award and the decision not to award fees and costs. We affirm. We consider the following issues:

1. Did the District Court err by ordering the offset for previous unemployment benefits?

2. Did the District Court err by granting partial summary judgment on the statutory wage claim?

3. Was plaintiff entitled to recover penalties, attorney fees, and costs?

Mr. Myers has not filed a trial transcript on appeal, although he did file a transcript of the hearing on his motion to amend the judgment or for new trial. Consequently, the only facts before us are those contained in the district court file. The following facts were stipulated to the lower court prior to trial:

> 1. The plaintiff was hired by the Department of Agriculture on February 14, 1984, as a potato inspector. He was paid $5.347 per hour.
> 2. Training began on February 22, 1984. The plaintiff completed the training necessary to be an inspector and received the necessary state and

federal certifications. He was licensed on March 24, 1984.

3. The Department of Agriculture received a letter from Orrin R. Streich dated April 9, 1984, stating in part, "I absolutely refuse to have Bill Myers inspecting on my farm."

4. The plaintiff was no longer assigned to Orrin Streich's farm following receipt of the letter of April 9, 1984. However, the plaintiff continued working at the Snell farm.

5. April 13, 1984, was the plaintiff's last day of work as a potato inspector.

6. Some potato inspection of crops occurred subsequent to April 13, 1984.

7. Following plaintiff's separation from employment, Dayle Mercier completed the inspection on the Streich farm and smaller farms continued to be inspected by other inspectors.

8. For the 1984 season, Bill Myers worked a total of 162.5 hours; Linda Lidstrom worked a total of 368.5 hours; and Dayle Mercier worked a total of 78.5 hours.

Mr. Myers contended he had been told by his supervisor that he would work approximately as many hours as Linda Lidstrom would work. His employer, Department of Agriculture, stated that he was terminated because there was no further inspection work to do in his area. Mr. Myers believed that no just cause existed for his termination; he therefore requested that a grievance panel conduct administrative review of his termination. The record does not contain the grievance panel's decision. However, the District Court, in its judgment, refers to the panel's decision:

> Specifically, the grievance panel recommended on December 20, 1984 that Mr. Myers be compensated in the amount of $671.05. A warrant in that amount, minus costs, was sent to Mr. Myers on January 2, 1985 by Keith Kelly, Director of the Department of Agriculture.

Dissatisfied with the panel's decision, Mr. Myers brought this action in district court.

I

Did the District Court err by ordering the offset for previous unemployment benefits?

After his termination from employment, Mr. Myers received $184.00 in unemployment benefits from the Department of Labor. The District Court ordered that the jury award of $850.00 be offset by the grievance panel award of $671.05 and unemployment benefits received. The court explained its reasoning:

> The parties agreed prior to trial, and it was consistent with the claim made by Plaintiff to Department of Agriculture in his Employee Grievance Form, that the amount awarded to Plaintiff for lost wages should be offset by (1) the amount of the grievance panel award and (2) by the amount of unemployment benefits received "so that he is made whole." This claim is in accord with generally accepted principles of law as to damages and is adopted by the Court. Hence, the offset by this Court for the grievance award of $671.05 and unemployment compensation for the period of April 14, 1984 through May 8, 1984.

Mr. Myers has not refuted the lower court's statement that the parties agreed to the offsets prior to trial. Without a transcript, we may not question the lower court's reliance upon such an agreement. Therefore, we affirm the District Court's judgment and order that the jury award be offset by the grievance panel award and by unemployment benefits collected by Mr. Myers.

II

Did the District Court err by granting partial summary judgment on the statutory wage claim?

Prior to trial, the defendant moved for partial summary judgment on grounds that Mr. Myers had no basis for a wage claim pursuant to Title 39, Chapter 3, Part 2, MCA. Mr. Myers responded by contending that had he not been discharged

4

he would have worked for the remainder of the potato season and would have collected wages for the whole season. Those lost wages, he argued, constituted "wages" as anticipated by §§ 39-3-204 through -206, MCA. Those statues read, in pertinent part, as follows:

> 39-3-204. Payment of wages generally. (1) Every employer of labor in the state of Montana shall pay to each employee the wages earned by such employee . . . and no person for whom labor has been performed may withhold from any employee any wages earned or unpaid for a longer period than 10 business days after the same are due and payable.
>
> . . .
>
> 39-3-205. Payment of wages when employee separated employment prior to payday. (1) Except as provided in subsection (2), whenever any employee is separated from the employ of any employer, all unpaid wages of such employee shall become due and payable within 3 days, except for employees of the State of Montana and its political subdivisions who would be paid on the next regular payday for the pay period during which the employee was separated from employment or 15 days from the date of separation from employment, whichever occurs first . . .
>
> 39-3-206. Penalty for failure to pay wages at times specified in law. Any employer, as such employer is defined in this part, who fails to pay any of his employees as provided in this part or violates any other provision of this part shall be guilty of a misdemeanor. A penalty shall also be assessed against and paid by such employer and become due such employee as follows: a sum equivalent to the fixed amount of 5% of the wages due and unpaid shall be assessed for each day, except Sundays and legal holidays, upon which such failure continues after the day upon which such wages were due, except that such failure shall not be deemed to continue more than 20 days after the date such wages were due. (Emphasis added.)

The District Court granted partial summary judgment for the defendant. The court reasoned that the damages sought by Mr. Myers were not "wages" within the meaning of the statute:

> "Wages" within the scope of Title 39, Chapter 3, are wages _actually_ earned, and not wages which _could_ have been earned but for an allegedly wrongful discharge. . . . Consequently, as a matter of law, Plaintiff has no basis for a wage claim against defendant.

Although this question has never been considered in Montana, the lower court found the reasoning in Cumo v. Rhines (1982), 198 Mont. 279, 645 P.2d 948, to be "instructive". In that case, Mr. Cumo entered an oral employment contract with Mr. Rhines and Sound West, Inc. Relying upon that agreement, Mr. Cumo moved his family from Minnesota to Missoula, Montana, to begin employment. Soon after the move, Mr. Rhines informed Mr. Cumo that he did not have a job at Sound West. Mr. Cumo sued for breach of employment contract. The trial court held that a breach occurred and awarded damages, as well as penalties, costs, and attorney fees pursuant to §§ 39-3-206 and -214, MCA. This Court concluded that Mr. Cumo never actually performed work for Sound West; therefore, he was not an employee within the meaning of the wage statutes. Cumo, 645 P.2d at 951. The damages resulted from a breach of employment contract and as such were more properly measured under § 27-1-311, MCA, because the wage statutes were not applicable. Cumo, 645 P.2d at 951-52.

The question before us now is whether the wage statutes are applicable to Mr. Myers' claim. The statutes refer to "wages earned" (§ 39-3-204(1)), "unpaid wages" (§ 39-3-205(1)), "wages due and unpaid" (§ 39-3-206), and "wages due" (§ 39-3-214(1)). In addition, § 39-3-204(1), MCA, provides that "no person _for_ _whom_ _labor_ _has_ _been_

6

performed may withhold from any employee any <u>wages</u> <u>earned</u> <u>or</u> <u>unpaid</u>." We have located no case law under these or similar wage statutes which would allow statutory penalties to be applied to wages which could have been earned but were not earned because of an alleged breach of contract or wrongful termination. By the statutory description and references to wages earned, unpaid wages, and wages due and unpaid, it is apparent that the protection granted under the statutes is to apply to labor or services actually performed or completed, as distinguished from labor or services to be performed in the future. Here the plaintiff does not have a claim for wages earned or unpaid. He seeks recovery for amounts he could have earned had he been given the opportunity. We hold that Mr. Myers's wage claim under Title 39, Chapter 3, MCA, was properly dismissed.

Mr. Myers argues that this Court in Ameline v. Pack and Company (1971), 157 Mont. 301, 485 P.2d 689, applied § 39-3-102, MCA (previously § 41-307, RCM (1947)), to a set of circumstances identical to his case. Evidently he be- lieves <u>Ameline</u> is authority for this Court to apply the wage statutes to the present case. His argument is faulty for several reasons. This Court did not rely upon § 39-3-102, MCA, in <u>Ameline</u> as Mr. Myers contends. That statute, which is concerned with the compensation of employees dismissed for cause, was inapplicable because the defendant in that case had failed to establish that the dismissal was for cause. The issue now before us was not before the Court in <u>Ameline</u>. Further, the provisions of Title 39, Chapter 3, Part 2, relied upon by Mr. Myers, are by their terms applicable only to wage claims within part 2. Section 39-3-102, MCA, cited in the <u>Ameline</u> opinion, falls within part 1, a distinct part of what is now Chapter 3, Title 39. For these reasons <u>Ameline</u> clearly is distinguishable and not determinative of

7

Mr. Myers's case. We affirm the District Court's order granting partial summary judgment on the plaintiff's wage claim.

III

Was plaintiff entitled to recover penalties, attorney fees, and costs?

Mr. Myers sought penalties pursuant to § 39-3-206, MCA, and costs and attorney fees pursuant to § 39-3-214, MCA. We have already concluded that Title 39, Chapter 3, Part 2 is not applicable to Mr. Myers's case. Therefore, the District Court properly refused to award penalties, fees, and costs under part 2.

Mr. Myers presents two other grounds for an award of fees and costs. He cites § 25-10-711(1), MCA, which provides as follows:

> <u>Award of costs against governmental entity when suit or defense is frivolous or pursued in bad faith.</u> (1) In any civil action brought by or against the state . . . or an agency of the state . . . the opposing party, whether plaintiff or defendant, is entitled to the costs enumerated in 25-10-201 and reasonable attorney's fees as determined by the court if:
> (a) he prevails against the state . . . or agency; and
> (b) the court finds that the claim or defense of the state . . . or agency that brought or defended the action was frivolous or pursued in bad faith.

Under this statute, Mr. Myers must establish that he was the prevailing party and that the State's defense was frivolous or pursued in bad faith. The District Court, in explaining its judgment, concluded that the plaintiff had not prevailed in the action and also concluded that each party acted in good faith in bringing and defending the lawsuit. Without a transcript on appeal, we will not question the District

Court's finding of good faith. We hold that Mr. Myers has not presented grounds for an award of attorney fees and costs under § 25-10-711, MCA.

Mr. Myers next argues that the District Court should have exercised its equity power to award attorney fees and costs. The District Court concluded that, in light of the offsets, the plaintiff had not prevailed and should not therefore recover either costs or attorney fees. As previously mentioned, the court also concluded that each party had acted in good faith in bringing and defending the lawsuit and that, in light of the result, each party should pay their own costs. In the absence of a complete record, we do not find any facts warranting reversal of the District Court's decision.

We hold that Mr. Myers has failed to establish a contractual or statutory right to fees and costs. We affirm the order of the District Court which refused to award attorney fees and costs.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

9